NORA WITHAM *vs.* MIKE MARSHALL.

Oxford.     Opinion, February 25, 1932.

*George A. Hutchins,* for plaintiff.
*Albert Beliveau,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.    This is an action in assumpsit, for board of men
from December 21, to March 20, use of a barn, and for one ton of
hay, charged to defendant, a pulpwood operator, for whom the
men and their horses worked in the season ending March, 1930.

The defense urged is that the owner of one or more of the teams
was a sub-contractor on defendant's operation and that the charges
should have been against him and not against the defendant.

The plaintiff testified that she furnished the board, in conform-
ity with a contract with defendant, and that part of her bill had
been paid by household supplies furnished by him: that the charge
for use of the barn was on defendant's promise to "leave the barn
as good as he found it," no contract claimed as to the hay, and no

testimony as to the amount thereof. No witness testified in plaintiff's behalf.

The jury apparently disregarded her testimony as to the hay and damage to the barn; struck a balance between charges for board of men and payments on account and found a verdict for plaintiff in the sum of eighty-six dollars and fifty-six cents.

Upon motion for a new trial, defendant argues that the verdict is against the evidence and the clear weight of evidence.

Defendant's testimony is that, on a day after Thanksgiving, he called on Mrs. Witham and attempted to engage of her board for two men, Merrill and Morrill, and accommodations for their four horses. He testified in effect that plaintiff would not entertain his proposition, because, "She said she had talked with another party, and if they didn't come she would talk with me."

The two men, Merrill and Morrill, did not board with plaintiff. "They arranged with the house down below where she lived."

Clarence Lafoy, a sub-contractor, hauling wood by the cord, on the Marshall job, and three of his employees, are the men for board of whom plaintiff declared.

Plaintiff's direct testimony, if believed, might justify a finding that defendant agreed to pay the board of Lafoy and his men; but cross examination revealed so many inconsistencies in her statements and indicated a course of conduct on her part so out of accord with the theory of her case that a court would not be justified in relying on her uncorroborated evidence.

Defendant denied that he made any contract with her for board of Lafoy and his men, denied that he ever talked with her regarding board of any men except Merrill and Morrill, denied that plaintiff ever requested him to pay her for the service rendered, for the hay and use of the barn.

Plaintiff admitted that she had never demanded pay of defendant, and further that within a month of the end of the hauling season she left with a lawyer, for collection of Lafoy, the bill which she now presents against defendant.

Lafoy testified wholly in support of defendant's contention.

Upon the whole record, without particularizing further, it is apparent that the jury were swayed by some force other than the

logic of credible and sufficient evidence, to a position not justified by the facts and the preponderance of evidence.

The plaintiff failed to establish such preponderance in her favor.

*Motion sustained.*